**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1546
_____

CONSTANTINO ORTIZ-LEZAMA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A206-318-735)
Immigration Judge: Steven A. Morley
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 22, 2020

Before: AMBRO, MATEY, and FUENTES, *Circuit Judges*

(Filed: February 27, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Constantino Ortiz-Lezama is a Mexican citizen who spent more than a decade residing in the United States without permission. Following an arrest for driving under the influence, he was placed in removal proceedings. The Board of Immigration Appeals agreed with an Immigration Judge's determination that he lacked the requisite good moral character required to cancel his removal. We reach the same conclusion, and will thus deny his petition.

## I. BACKGROUND

Ortiz-Lezama is a native and citizen of Mexico who entered the United States illegally in 2001. For many years, he regularly returned to Mexico to visit his family. On several of those trips, Customs and Border Patrol agents apprehended Ortiz-Lezama, and he voluntarily returned to his country. And then, each time, he reentered the United States. In late 2008, while again visiting Mexico, Ortiz-Lezama and his wife decided to both come to the United States and settle in Pennsylvania.

Five years later, Ortiz-Lezama was arrested for drunk driving and, as a result, placed in removal proceedings. Seeking to remain in the United States, Ortiz-Lezama applied for cancellation of removal. But an IJ found Ortiz-Lezama had helped his wife cross the border, barring him from establishing good moral character. That issue is central to this petition.

Ortiz-Lezama offered contradicting accounts of his wife's arrival in the United States. Before the IJ, he testified that his wife entered the country with help from a paid guide Ortiz-Lezama hired. But he also provided affidavits and declarations stating that he

2

and his wife entered the United States together, without assistance.[1] The IJ gave greater weight to Petitioner's testimony than to the contradictory affidavits and declarations and found that by hiring the guide, Petitioner had helped smuggle his wife across the border. As a result, the IJ held that Petitioner could not establish good moral character and was ineligible for cancellation of removal. The IJ ordered Petitioner removed to Mexico.[2]

Petitioner appealed the IJ's decision, but the Board dismissed his appeal, holding that the IJ did not err in relying on Petitioner's testimony over the affidavits and declarations. The Board affirmed the IJ's determination that Petitioner had failed to meet his burden of proving good moral character. This petition followed.

## II. ANALYSIS

Ortiz-Lezama's petition essentially challenges the IJ's finding that he helped smuggle his wife across the border. To be eligible for cancellation of removal, a nonpermanent resident must establish a record of good moral character for the ten years immediately preceding the date of his application. 8 U.S.C. § 1229b(b)(1). Congress has specified that a person who helps another illegally enter the United States fails that test. 8 U.S.C. §§ 1101(f)(3), 1182(a)(6)(E)(i); *see Mejia-Castanon v. Att'y Gen.*, 931 F.3d 224, 229 (3d Cir. 2019).

---

[1] In one affidavit, Ortiz-Lezama stated that he did not want his wife to come to the United States, fearing the trip would be difficult and force her to leave behind their son. But, he continued, "she was adamant that she was coming." (A.R. at 158.) Indeed, as they approached the border, he offered her one last chance to remain in Mexico, before she "walked off ahead of" him. (A.R. at 158.)

[2] Separately, the IJ found Ortiz-Lezama did not establish ten years of continuous physical presence in the United States. Because we will deny the petition on the failure to establish good moral character, we do not address this conclusion.

We review a challenge to the IJ's factual findings for substantial evidence. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003). Under this standard, we only reject an IJ's factual findings "where a reasonable adjudicator would be compelled to arrive at a contrary conclusion." *Mendez-Reyes v. Att'y Gen.*, 428 F.3d 187, 191 (3d Cir. 2005). Here, faced with contradicting accounts of how Ortiz-Lezama's wife crossed the border, the IJ reasonably credited his testimony over his affidavits and declarations. The hearing testimony was subject to cross-examination, and included details that suggested accuracy. Furthermore, the hearing testimony weakened his application for cancellation of removal, and thus was unlikely to be the product of fabrication. The affidavits and declarations were much the opposite: self-serving and lacking adversarial examination. Naturally, this lessens their credibility.

We have noted the principle, in the context of the sham affidavit doctrine, that "[t]he deposition of a witness will usually be more reliable than his affidavit, since the deponent was either cross-examined by opposing counsel, or at least available to opposing counsel for cross-examination." *Jimenez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007) (alteration in original) (quoting *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)). And "[w]hen a party does not explain [a] contradiction between a subsequent affidavit and a prior deposition, it is appropriate for the district court to disregard the subsequent affidavit and the alleged factual issue in dispute as a 'sham[]' . . . ." *Id*. at 254. In the present case, with these principles justifying the IJ's decision to credit Ortiz-Lezama's testimony, no "reasonable adjudicator would be

compelled" to find that he did not engage in alien smuggling. *Mendez-Reyes*, 428 F.3d at 191.[3]

### III. CONCLUSION

For these reasons, we will deny this petition.

---

[3] If Ortiz-Lezama challenges the Board's affirmance of the IJ's decision to give more weight to his testimony than his affidavits, we lack jurisdiction to consider his claim. *See Alimbaev v. Att'y Gen.*, 872 F.3d 188, 194 (3d Cir. 2017); *Green v. Att'y Gen.*, 694 F.3d 503, 508 (3d Cir. 2012). Federal courts have jurisdiction to review "constitutional claims or questions of law." *McAllister v. Att'y Gen.*, 444 F.3d 178, 183 (3d Cir. 2006). A challenge to an IJ's balancing of facts is neither. *See Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007).